# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. S. HARPER, | CASE NO. 1:10-cv-00926 LJO GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| MATTHEW CATE, et al., | (ECF No. 1) |
| Defendants. | |

## Screening Order

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil right action against correctional officials employed by the CDCR at Pleasant Valley State Prison (PVSP). The events that give rise to this lawsuit occurred while Plaintiff was housed at PVSP. Plaintiff names the following individual defendants: former Governor Schwarzenegger; CDCR Secretary Matthew Cate; CDCR Director Scott Kernan; PVSP Warden James Yates; Assistant Warden J. Ahlin; Chief Deputy Warden Spearman; Facility Captain D. Allan; Lieutenant. L. Lupkin; Lt. R. Corley;  Sergeant B. Martinez; Correctional Counselor P. Ortiz. Plaintiff claims that defendants failed to protect him from serious harm, in violation of the Eighth Amendment. Specifically, Plaintiff alleges that defendants housed Plaintiff with an inmate with a history of sexually assaulting other inmates. As a result, Plaintiff was sexually assaulted by his cellmate.

**A.    Failure to Protect**

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (*citing* Helling v. McKinney, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that

1 prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer,
2 at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate
3 indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future
4 health ... .'" Id., at 843 (*citing* Helling, 509 U.S. at 35). The Supreme Court has explained that
5 "deliberate indifference entails something more than mere negligence ... [but] something less than
6 acts or omissions for the very purpose of causing harm or with the knowledge that harm will result."
7 Id., at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in
8 which "a person disregards a risk of harm of which he is aware." Id., at 836-37.

9       The deliberate indifference standard involves both an objective and a subjective prong. First,
10 the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second,
11 subjectively, the prison official must "know of and disregard an excessive risk to inmate health or
12 safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995)

13       Thus, in order to state a cognizable claim against prison officials for failure to provide for
14 a prisoner's safety/protection, a prisoner must allege (and eventually prove): (1) a sufficiently serious
15 risk of harm (either current or future); (2) that was caused by the defendant(s); and (3) that the
16 defendants knew that their action(s) exposed the prisoner to that serious risk of harm.

17       As to each individual defendant, Plaintiff alleges generally that they "conspired to deprive
18 plaintiff of federal rights guaranteed by the constitution" and "failed to provide personal safety and
19 protection to plaintiff against atrocities of cruel and unusual punishments." Plaintiff alleges that on
20 June 4, 2009, while in classification, he "made all defendants aware" that he was an "easy target"
21 for sexual assaults. Plaintiff alleges that while in classification, "a C/O" told Plaintiff that another
22 inmate had requested Plaintiff as a cellmate. Plaintiff was unaware that the inmate had a history of
23 sexually assaulting other inmates.

24       Plaintiff alleges that on the same evening, June 4, 2009, he was forcibly sexually assaulted
25 by the inmate. After the assault, Plaintiff's cellmate informed him that he had done this twice before.
26 The next day, Plaintiff informed C/O Pruett (not named as a defendant) about the assault. Plaintiff
27 was transported to an outside hospital for a sexual assault examination, and returned to the prison.
28

Although Plaintiff has alleged that he suffered objectively serious harm, he has failed to allege facts to support his conclusory allegations that all of the defendants knew of the risk to Plaintiff and disregarded the risk. The facts alleged indicate that, at classification, Plaintiff advised "them" that he was vulnerable to sexual assault, and that he was willing to accept any cellmate, as long as they were not a sexual predator. Plaintiff alleges no facts to support his conclusion that any of the defendants knew that Plaintiff's cellmate was a particular risk. That he had previously sexually assaulted other inmates does not, of itself, subject defendants to liability. Plaintiff does not allege any facts that would put any of the defendants on notice that the inmate was a predator.

To demonstrate that a prison official was deliberately indifferent to a serious threat to an inmate's safety, the prisoner must show that "the official [knew] of and disregarded an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must draw the inference." Farmer, 511 U.S. at 837; see also Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187-88 (9th Cir. 2002); Jeffers v. Gomez, 267 F.3d 895, 913 (9th Cir. 2001)(per curiam); Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).

Here, Plaintiff has alleged that he advised unspecified individuals at classification that he was vulnerable to sexual assault. He fails to allege any other facts that would put any of the named defendants on notice of the specific danger to Plaintiff. To establish liability under 42 U.S.C. § 1983, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Even under a "deliberate indifference" theory of individual liability, Plaintiff must still allege sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the unconstitutional conduct of his subordinates. Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Plaintiff's "bald" and "conclusory" allegations are insufficient to establish individual liability under 42 U.S.C. § 1983. See Iqbal, 556 U.S. at 569-72.

The Court finds Plaintiff's allegations to be vague. Plaintiff sets forth conclusory allegations that each of the defendants knew of the particular danger to Plaintiff, but fails to allege facts

indicating that each individual defendant knew or should have know of the danger to Plaintiff. The complaint must therefore be dismissed. Plaintiff will, however, be granted an opportunity to file an amended complaint that sets forth more specific factual allegations. Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 12, 2012**                       /s/ **Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE