IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON S. HARPER,<br><br>      Plaintiff,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>      Defendants.<br>_____/ | 1:10-cv-00926-LJO-GSA-PC<br><br>ORDER STRIKING SECOND AMENDED COMPLAINT FOR LACK OF SIGNATURE (Doc. 15.)<br><br>THIRTY DAY DEADLINE FOR PLAINTIFF TO FILE THIRD AMENDED COMPLAINT WHICH BEARS PLAINTIFF'S SIGNATURE |

**I.  BACKGROUND**

Jason S. Harper ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint initiating this action on May 24, 2010. (Doc. 1.) On December 13, 2010, Plaintiff filed the First Amended Complaint. (Doc. 9.) On April 12, 2012, the Court entered an order dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 11.) On July 12, 2012, Plaintiff filed the Second Amended Complaint. (Doc. 16.)

**II.  DISCUSSION**

The Second Amended Complaint is unsigned. (Doc. 16 at 9 ¶V.) All filings submitted to the court must bear the signature of the filing party. Local Rule 131; Fed. R. Civ. P. 11(a). Accordingly, Plaintiff's Second Amended Complaint, filed on July 12, 2012, shall be stricken from the record for lack

1

of signature. Plaintiff shall be afforded an opportunity to file a Third Amended Complaint which bears his signature.

### III.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint must be stricken from the record for lack of signature, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file a Third Amended Complaint which bears his signature. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000). Plaintiff is granted leave to file a Third Amended Complaint within thirty days.

Plaintiff is reminded that the Third Amended Complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after May 24, 2010. In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on May 24, 2010.

While exhibits are permissible, they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim." Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint may result in the complaint being dismissed for failure to comply with Federal Rule of

///

Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

Plaintiff is also reminded that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint, filed on July 12, 2012, is STRICKEN from the record for lack of Plaintiff's signature, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Third Amended Complaint which bears Plaintiff's signature;
4. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:10-cv-00926-LJO-GSA-PC; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **February 28, 2013**            /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE