IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON S. HARPER, | 1:10-cv-00926-LJO-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 20.) |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Doc. 17.) |
| Defendants. | |
| _____/ | |

Jason S. Harper ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 1, 2013, findings and recommendations were entered, recommending that Plaintiff's motion for preliminary injunction be denied.  (Doc. 20.)  On April 1, 2013, Plaintiff filed objections to the findings and recommendations.  (Doc. 24.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

The Magistrate Judge found that Plaintiff's motion for preliminary injunctive relief must be denied because the Court did not have before it an actual case or controversy to confer

jurisdiction, based on the fact that Plaintiff's Second Amended Complaint had been stricken, with leave to amend, and Plaintiff had not filed a Third Amended Complaint. In his objections, Plaintiff argues that the preliminary injunction should now be granted because on April 1, 2013, he filed the Third Amended Complaint.

Plaintiff's Third Amended Complaint, which names prison officials at Pleasant Valley State Prison as defendants, does not give the Court jurisdiction to grant the injunctive relief Plaintiff seeks. Plaintiff has requested preliminary injunctive relief via a court order prohibiting prison officials from housing him in a cell with another inmate. Such an order would necessarily direct the actions of prison officials at the California Substance Abuse Treatment Facility (SATF), where Plaintiff is presently incarcerated.[1] Prison officials at SATF are not defendants in this action, and the Court has no personal jurisdiction over them in this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Accordingly, THE COURT HEREBY ORDERS that:

1.      The Findings and Recommendations issued by the Magistrate Judge on March 1, 2013, are ADOPTED IN FULL; and

2.      Plaintiff's motion for preliminary injunction, filed on September 4, 2012, is DENIED.


IT IS SO ORDERED.

Dated:   **April 4, 2013**                     **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

---

[1]  On January 17, 2013, Plaintiff filed a Notice of Change of Address, changing his address to the California Substance Abuse Treatment Facility in Corcoran, California. (Doc. 18.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28