UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON S. HARPER,<br><br>        Plaintiff,<br><br>  vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | 1:10-cv-00926-LJO-GSA-PC<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND<br>(Doc. 26.)<br><br>THIRTY DAY DEADLINE TO FILE FOURTH AMENDED COMPLAINT |

**I.    BACKGROUND**

     Jason S. Harper ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 24, 2010.  (Doc. 1.)  On December 13, 2010, Plaintiff filed the First Amended Complaint.  (Doc. 9.)  On April 12, 2012, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend.  (Doc. 11.)  On July 12, 2012, Plaintiff filed the Second Amended Complaint.  (Doc. 16.)  On March 1, 2013, the Court issued an order striking the Second Amended Complaint for lack of Plaintiff's signature, with leave to amend.  (Doc. 19.)  On March 28, 2013, Plaintiff filed the Third Amended Complaint.  (Doc. 23.)

     On April 15, 2013, Plaintiff filed a motion for leave to amend the complaint.  (Doc. 26.)

**II.    MOTION TO AMEND – RULE 15**

     Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

1

Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has already amended the complaint more than once, Plaintiff requires leave of court to amend the complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Here, Plaintiff's case has been pending for nearly two years, since May 24, 2010. The delay in litigation will be further extended if Plaintiff is given leave to amend. However, given that the complaint has not been served, and no other party has appeared in the action, amending the complaint will not prejudice the opposing party. Plaintiff seeks leave to amend in order to name new defendants. Good faith appearing, the Court finds that in the interest of justice, Plaintiff's motion to amend the complaint shall be granted.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint, filed on April 15, 2013, is GRANTED;
2. Plaintiff is granted thirty days from the date of service of this order in which to file a Fourth Amended Complaint.

IT IS SO ORDERED.

Dated: **April 16, 2013**                            **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE