UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON S. HARPER,<br><br>            Plaintiff,<br><br>       vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>            Defendants. | 1:10-cv-00926-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS PREMATURE<br>(Doc. 30.) |

**I.     BACKGROUND**

Jason S. Harper ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 24, 2010. (Doc. 1.)

On March 28, 2013, Plaintiff filed the Third Amended Complaint. (Doc. 23.) On April 17, 2013, Plaintiff was granted leave to file a fourth amended complaint. (Doc. 29.)

On May 8, 2013, Plaintiff filed a motion for a court order compelling defendants to provide Plaintiff with documents to enable him to identify defendants he seeks to add to this action in the Fourth Amended Complaint. (Doc. 30.) Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California. Plaintiff asserts that he asked his counselor for the documents, and she refused to assist him because the defendants to Plaintiff's lawsuit are her friends. Plaintiff requests a court order compelling the

1

defendants to provide him with the documentation he needs, consisting of "all 128-G [forms] from 2009 to 2013 and 602 appeals from 2012 to 2013." Motion at 1:27-28.

**II.     MOTION TO COMPEL DISCOVERY**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3).

In this case, Plaintiff's motion to compel is premature. There is no operative complaint in this action for which the Court has found cognizable claims; defendants have not been served with process; and the discovery phase of this litigation is not yet open. Plaintiff is directed to paragraph eight of the court's First Informational Order, filed on May 24, 2010. (Doc. 2 at 4 ¶8.) In that order, plaintiff was specifically informed that he may not conduct discovery until defendants file an answer and the court issues the discovery order. Accordingly, defendants are under no obligation to respond to plaintiff's discovery requests at this juncture. Furthermore, because none of the defendants has appeared in this action, the Court lacks jurisdiction to issue the order Plaintiff requests. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff is advised that once discovery is open, court permission is not necessary for discovery requests. Discovery is self-executing until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Interrogatories, requests for admissions, requests for production of documents, and responses thereto shall not be filed with the court until there is a proceeding in which the document or proof of service is at issue. Such documents are to be served on the opposing party, and not with the court. Local Rules 250.2, 250.3, 250.4. Discovery requests improperly filed with the court shall be stricken from the record.

Plaintiff's remedy at this juncture is to make a formal request to prison officials at SATF to review his C-file, where the documents Plaintiff seeks may be found. In the

alternative, Plaintiff is not precluded from including allegations in the Fourth Amended Complaint against unidentified or Doe defendants, who may be identified at a later stage of the proceedings.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on May 8, 2013, is DENIED as premature.

IT IS SO ORDERED.

Dated:   **May 9, 2013**                            **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE