1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    JASON S. HARPER,                          1:10-cv-00926-LJO-GSA (PC)

12              Plaintiff,

                                                ORDER DENYING MOTION FOR
13         vs.                                  APPOINTMENT OF COUNSEL

14    ARNOLD SCHWARZENEGGER,
      et al.,                                   (MOTION #35)
15              Defendants.

16    _____/

17         On June 4, 2013, plaintiff filed a motion seeking the appointment of counsel.  Plaintiff

18    does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113

19    F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff

20    pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

21    District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

22    exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

23    section 1915(e)(1).  Rand, 113 F.3d at 1525.

24         Without a reasonable method of securing and compensating counsel, the court will seek

25    volunteer counsel only in the most serious and exceptional cases.  In determining whether

26    "exceptional circumstances exist, the district court  must evaluate both the likelihood of success

27    of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28    complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

                                           -1-

1    In the present case, the court does not find the required exceptional circumstances.  At

2  this early stage in the proceedings, the court cannot make a determination that plaintiff is likely

3  to succeed on the merits.  Plaintiff's Fourth Amended Complaint was filed less than three

4  weeks ago and awaits the Court's screening required under 28 U.S.C. 1915.  Thus, to date the

5  Court has not found any cognizable claims in plaintiff's complaint for which to initiate service

6  of process, and no other parties have yet appeared.  The legal issue in this case – whether

7  defendants failed to protect Plaintiff from assault by another inmate – is not complex, and this

8  court is faced with similar cases almost daily.  Moreover, based on a review of the record in this

9  case, the Court does not find that plaintiff cannot adequately articulate his claims.  Therefore,

10  plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of

11  the proceedings.

12    For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY

13  DENIED, without prejudice.

14    IT IS SO ORDERED.

15    **Dated:   June 6, 2013**                              **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28