IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON S. HARPER, | 1:10-cv-00926 LJO GSA (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| ARNOLD SCHWARZENEGGER, et al., | (MOTION #39) |
| Defendants. | |

On June 17, 2013, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

-1-

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he lacks adequate access to the law library due to prison lockdowns, which is not an exceptional circumstance. The court notes that Plaintiff has filed other cases pro se and appears able to navigate the federal court system and adequately articulate his claims. The legal issue in this case – whether defendants failed to protect plaintiff from assault by another inmate – is not complex, and this court is faced with similar cases almost daily. Further, at this early stage in the proceedings before any other party has appeared, the court cannot make a determination that plaintiff is likely to succeed on the merits.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 25, 2013**                    /s/ **Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE