UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON S. HARPER,<br><br>    Plaintiff,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | 1:10-cv-00926-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER § 1983<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.    BACKGROUND**

Jason S. Harper ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 24, 2010. (Doc. 1.) On December 13, 2010, Plaintiff filed the First Amended Complaint. (Doc. 9.) On April 12, 2012, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 11.) On July 12, 2012, Plaintiff filed the Second Amended Complaint. (Doc. 16.) On March 1, 2013, the court issued an order striking the Second Amended Complaint for lack of Plaintiff's signature, with leave to amend. (Doc. 19.) On March 28, 2013, Plaintiff filed the Third Amended Complaint. (Doc. 23.) On April 15, 2013, Plaintiff filed a motion for leave to amend the complaint, which was granted. (Docs. 26,

27.)  On May 20, 2013, Plaintiff filed the Fourth Amended Complaint, which is now before the court for screening.  (Doc. 33.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.    SUMMARY OF FOURTH AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California.  The events at issue occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, Kern Valley State Prison (KVSP) in Delano, California, and SATF.  Plaintiff names 22 defendants, including former Governor Arnold Schwartzenegger,

CDCR Secretary Matthew Cates, CDCR Under Secretary Scott Kernan, PVSP Warden James A. Yates, PVSP Chief Deputy Warden M.E. Spearman, PVSP Associate Warden J Ahlin, KVSP Warden M. Biter, SATF Warden Ralph Diaz, SATF Associate Warden C. Etchebehere, and 13 correctional officers of various ranks from PVSP, KVSP, and SATF. Plaintiff's factual allegations follow.

### *PVSP*

On June 22, 2009, at PVSP, Plaintiff was asleep with his hearing aids out of his ears. Without warning, Plaintiff's cell mate snatched him from the top bunk, forcefully slammed him face down onto the bottom bunk, tied him up, removed his underwear, and sexually assaulted him from behind. Plaintiff tried to scream, but his head was held down in the mattress. The perpetrator then turned Plaintiff over and forced him to perform oral sex. The cell mate threatened Plaintiff with serious injury or death if he ever told anyone. The cell mate also told Plaintiff to swallow the evidence, but Plaintiff managed to spit the contents of his mouth into a ziplock bag and save it. After the perpetrator was transferred and Plaintiff felt safe, he reported the incident to a correctional officer. Plaintiff was interviewed, gave officials the ziplock bag, and was given new clothes and taken to the hospital for a sexual assault kit.

In January 2010, Plaintiff had a mental breakdown and was admitted to a crisis bed, diagnosed with PTSD, and given medication. Plaintiff continues to have occasional flashbacks. Plaintiff also had fights with other cell mates because they found out about the sexual assault.

Plaintiff alleges that defendants at PVSP knew that the perpetrator had other victims before they placed Plaintiff in the cell with him. Defendants did not take proper measures to ensure Plaintiff's safety before placing him with the perpetrator.

### *KVSP and SATF*

Plaintiff alleges that prison officials at KVSP and SATF continued to place him at risk of harm by failing to follow the rules and regulations to properly screen out cell mates who may be a threat to ADA inmates.

///

///

*Relief Requested*

Plaintiff requests monetary damages, declaratory relief, and injunctive relief including permanent single-cell status.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Personal Participation

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44).

In the Fourth Amended Complaint, Plaintiff fails to demonstrate that any of the defendants *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d

930, 934 (9th Cir. 2002) (emphasis added).  Plaintiff fails to allege any action by a defendant demonstrating that the defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1948-49 (2009).  Therefore, Plaintiff fails to state a claim under § 1983 against any of the defendants.

### B. **Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  <u>Farmer</u>, 511 U.S. at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." <u>Farmer</u>, at 834.  The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . .'" <u>Id.</u> at 843 (*citing* <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993)).  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." <u>Farmer</u> at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." <u>Id.</u> at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." <u>Id.</u> at 834.  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." <u>Id.</u> at 837; <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial

evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

In the Fourth Amended Complaint, Plaintiff fails to allege facts showing that any individual defendant deliberately acted, or failed to act, while disregarding a known excessive risk of harm to Plaintiff. Therefore, the court finds that Plaintiff fails to state a failure to protect claim against any of the defendants. Moreover, the court finds Plaintiff's allegations to be vague and conclusory, which are insufficient to state a claim. See Iqbal, 556 U.S. at 569-72.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Fourth Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. In this action, the Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed five complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

///

///

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **November 18, 2013**                         **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE