1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9

| | |
|---|---|
| JASON S. HARPER, | 1:10-cv-00926-LJO-GSA-PC |
| Plaintiff, | SUPPLEMENTAL FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF BE DENIED LEAVE TO FILE HIS PROPOSED FIFTH AMENDED COMPLAINT |
| vs. | (Doc. 43.) |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I.   BACKGROUND

Jason S. Harper ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.

On November 18, 2013, findings and recommendations were entered, recommending that this action be dismissed with prejudice, based on Plaintiff's failure to state a claim under § 1983 in the Fourth Amended Complaint.  (Doc. 41.)

On December 16, 2013, Plaintiff filed objections to the findings and recommendations, and lodged a proposed Fifth Amended Complaint.[1]  (Docs. 42, 43.)  In light of the lodging of

---

[1] Plaintiff's objections are directed to the Honorable Lawrence J. O'Neill, the District Judge assigned to this case.  Plaintiff asserts in the objections that he now understands where he erred in drafting and filing his previous complaints, and he requests the District Judge to overrule the Magistrate Judge's findings and recommendations on the grounds that the Fifth Amended Complaint satisfies all the constitutional elements for bringing a § 1983 action to this court.  (Doc. 42.)

the Fifth Amended Complaint, the court now enters these Supplemental Findings and Recommendation.

## II.    LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend *only by leave of the court or by written consent of the adverse party*, and leave shall be freely given when justice so requires.  Id. (emphasis added.)  Here, because Plaintiff has already amended the complaint four times, and no other parties have appeared in this action, Plaintiff requires leave of court to file a Fifth Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### A.    Summary Of Proposed Fifth Amended Complaint

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California.  The events at issue in the proposed amended complaint occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, Kern Valley State Prison (KVSP) in Delano, California, and SATF.  Plaintiff names twenty defendants, including PVSP Chief Deputy Warden M.E. Spearman, PVSP Chief Deputy Warden R. Trimble, KVSP Chief Deputy Warden R. Grissom, KVSP Warden M. Biter, KVSP Chief Deputy Warden C. Pfeiffer, KVSP Chief Deputy Warden G. Jaime, and fourteen correctional officers of various ranks from PVSP, KVSP, and SATF.  Plaintiff's factual allegations follow.

///

***PVSP***

On June 4, 2009, at PVSP, Plaintiff was seen by the ICC (Institutional Classification Committee) chaired by defendants Warden Spearman and Correctional Counselor (CC) II Ortiz.  Plaintiff informed them why he had threatened to kill his next cell mate -- because he was a victim of sexual assault by a former cell mate and was apprehensive about living with another inmate.  Defendants Spearman and Ortiz decided to pair Plaintiff with another inmate.  Plaintiff asked defendant Spearman to vet other inmates before placing them in the cell with Plaintiff.

On June 22, 2009, at PVSP, Plaintiff was brutally sexually assaulted by his cellmate.  He was forcefully grabbed from the top bunk and thrown down on the ground.  Plaintiff's cell mate tied him up, removed his underwear, and sexually assaulted him from behind.  Plaintiff tried to scream, but his head was held down in the mattress.  The cell mate then turned Plaintiff over and forced him to perform oral sex.  The cell mate threatened Plaintiff with serious injury or death if he ever told anyone.  The cell mate also told Plaintiff to swallow the evidence, but Plaintiff managed to spit the contents of his mouth into a ziplock bag and save it.

On June 23, 2009, Plaintiff informed correctional staff about the sexual assault and was given a rape kit.  Plaintiff gave officials the contents of the ziplock bag.

On July 2, 2009, Plaintiff was placed on single cell status, thereby prohibiting Plaintiff from being paired with anyone else.

On October 1, 2009, Plaintiff went before the ICC which was chaired by defendants Warden Spearman, Captain Herrera, and CCII Fugate.  They decided that whenever Plaintiff should be transferred from PVSP to another facility, he would be removed from single cell status, stating that Plaintiff's assaults are unique to PVSP.

On December 4, 2009, defendants CCII Kern, CCII Prokop, and Flores (not a named defendant) chaired a UCC (Unit Classification Committee) on A-Facility, while knowing that Plaintiff was in administrative segregation (Ad-Seg) on D-Facility, held a meeting without Plaintiff's presence, and cleared him for double cell status.  The meeting was held without Plaintiff's knowledge or 72-hour notice of the committee's action.

3

On December 31, 2009, defendants Warden Spearman, Captain Allen, and CCII Kern chaired another ICC without Plaintiff's knowledge, stating that Plaintiff refused to appear. Plaintiff was placed back on single cell status.  The ICC knew that Plaintiff was a victim of sexual assault.  It was again decided that if Plaintiff were transferred from PVSP to another facility, he would be double celled at the other facility, because his sexual assaults were unique to PVSP.

In January 2010, Plaintiff had a mental breakdown and was afraid to leave his cell. Plaintiff was admitted to a crisis bed, diagnosed with PTSD, where he was diagnosed with Post Traumatic Stress Disorder.

On March 25, 2010, defendants Warden Trimble and CCII Kern chaired an ICC, at which time they noted Plaintiff's enemy concerns as well as his sexual assault.  The ICC elected to remove him from single cell status and have him placed with another inmate.

### *KVSP and SATF*

Plaintiff alleges that beginning on November 9, 2010, prison officials at KVSP and SATF continued to place him at risk of harm by failing to follow the rules and regulations to properly screen out cell mates.  On March 25, 2012 and August 27, 2012, Plaintiff had in-cell fights with cell mates, after the cell mates found out that Plaintiff had been sexually assaulted by a black man.

### *Relief Requested*

Plaintiff requests monetary damages, declaratory relief, costs of suit, and reasonable fees.

**B.    Plaintiff's Claims In The Proposed Amended Complaint**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

///

4

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

Constitution and laws."  <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997)

(internal quotations omitted).  "To the extent that the violation of a state law amounts to the

deprivation of a state-created interest that reaches beyond that guaranteed by the federal

Constitution, Section 1983 offers no redress."  <u>Id</u>.

### 1.      <u>After-Occurring Claims Arising at KVSP and SATF</u>

Plaintiff's proposed Fifth Amended Complaint names defendants employed at KVSP

and SATF, for events occurring after this action was filed on May 24, 2010.  Plaintiff may not

bring claims in this action for which he has not exhausted administrative remedies before filing

suit.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action

shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are

required to exhaust the available administrative remedies *prior to filing suit*.  <u>Jones v. Bock</u>,

549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-

1201 (9th Cir. 2002) (emphasis added).  Exhaustion is required regardless of the relief sought

by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S.

731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits

relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Because it is not possible for Plaintiff to have exhausted remedies for these after-

occurring claims before this action was filed, these claims and defendants must be dismissed

from this action.  Plaintiff may file a new civil rights action addressing these claims, if he so

wishes.[2][3]

---

[2]The Court expresses no opinion on the merits of Plaintiff's after-occurring claims.

[3]Sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is appropriate if,
taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust and, thus, fails to
state a claim upon which relief can be granted.  <u>See Jones</u>, 549 U.S. at 214-15 (exhaustion is an affirmative
defense and sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only

2.    **Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).   Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834.  The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . .'" Id. at 843 (*citing* Helling v. McKinney, 509 U.S. 25, 35 (1993)).  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result."  Farmer at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware."  Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial

///

---

appropriate if, taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust); 28 U.S.C. § 1915A(b)(1).

evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

In the proposed Fifth Amended Complaint, Plaintiff fails to allege facts showing that any individual defendant deliberately acted, or failed to act, while disregarding a known excessive risk of harm to Plaintiff. Therefore, the court finds that Plaintiff fails to state a failure to protect claim against any of the defendants.

### 3.   Due Process – Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

In this instance, there is no support for a finding that Plaintiff has a protected liberty interest in a single-cell status classification. Myron, 476 F.3d at 718; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). That being celled with another inmate is more likely to result in assault by another inmate is not sufficient, in and of itself, to demonstrate that it is a condition which imposes atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life. Id. Therefore, to the extent that Plaintiff seeks to proceed with a due process claim in the proposed Fifth Amended Complaint, Plaintiff is unable to do so.

**C.**   <u>**Discussion**</u>

Based on the foregoing, the Court finds that Plaintiff's proposed Fifth Amended Complaint, lodged on December 16, 2013, fails to state any claims upon which relief may be granted under § 1983 against any of the defendants.

At this stage of the proceedings, when findings and recommendations are pending to dismiss this action for failure to state a claim, the court finds it futile to allow Plaintiff to file a Fifth Amended Complaint which fails to state a claim.  Therefore, Plaintiff should be denied leave to file the proposed Fifth Amended Complaint.

**III.   CONCLUSION AND SUPPLEMENTAL RECOMMENDATION**

Based on the foregoing, the court finds it futile to allow Plaintiff to amend the complaint.  Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff be denied leave to file his proposed Fifth Amended Complaint at this stage of the proceedings.

These Supplemental Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Supplemental Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Supplemental Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 23, 2013**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE