UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON S. HARPER,<br><br>   Plaintiff,<br><br> vs.<br><br>ARNOLD SCHWARZENEGGER., et al.,<br><br>   Defendants. | 1:10-cv-00926-LJO-GSA-PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br>(Docs. 42, 44.)<br><br>ORDER DENYING LEAVE TO FILE FIFTH AMENDED COMPLAINT<br>(Doc. 43.)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G)<br><br>ORDER FOR CLERK TO CLOSE CASE |

  Jason S. Harper ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On November 18, 2013, findings and recommendations were entered, recommending that this action be dismissed, with prejudice, based on Plaintiff's failure to state a claim in the

Fourth Amended Complaint upon which relief may be granted under §1983. (Doc. 41.) On December 16, 2013, Plaintiff filed objections to the findings and recommendations and lodged a proposed fifth amended complaint. (Docs. 42, 43.) On December 23, 2013, supplemental findings and recommendations were entered, recommending that Plaintiff be denied leave to file the proposed fifth amended complaint. (Doc. 44.) On January 13, 2014, Plaintiff filed objections to the supplemental findings and recommendations. (Doc. 45.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be largely supported by the record and proper analysis.

With respect to the supplemental findings and recommendations, however, the court addresses the analysis concerning Plaintiff's after-occurring claims. The Magistrate Judge found that Plaintiff was prohibited from bringing certain new claims in the fifth amended complaint, because those claims arose after Plaintiff filed this lawsuit on May 24, 2010 and therefore could not have been exhausted before the lawsuit was filed. (Doc. 44 at 5:11-20.) However, the Ninth Circuit held in Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) that a prisoner may file an amended complaint adding new claims based on conduct that occurred after the filing of the initial complaint, if the prisoner shows that the new claims were administratively exhausted before tendering the amended complaint to the clerk for filing. 698 F.3d at 1210; accord Cano v. Taylor, No. 10-17030, 2014 WL 114684 at *5 (9th Cir. Jan. 14, 2014). Therefore, Plaintiff was not prohibited from bringing after-occurring claims in the fifth amended complaint, as long as he showed evidence that he had exhausted those claims before he submitted the fifth amended complaint to the clerk on December 16, 2013.

The Magistrate Judge did not make a determination whether Plaintiff showed evidence that he had exhausted his remedies for the after-occurring claims.[1] However, even if the after-

---

[1] In his objections, Plaintiff argues that he exhausted his remedies for the after-occurring claims, and submits evidence of his inmate appeal No. KVSP-12-03449 which was completed through the Director's Level of Review on August 6, 2013. (Attachment 2 to Doc 45 at 14.) The Court expresses no opinion on whether Plaintiff's evidence shows that he exhausted his remedies for the after-occurring claims.

occurring claims were properly included in the fifth amended complaint, the Court finds no cognizable claims in the fifth amended complaint upon which Plaintiff can proceed.[2] With respect to Plaintiff's claim that defendants failed to protect him in violation of the Eighth Amendment, Plaintiff fails to allege facts in the fifth amended complaint showing that any individual defendant deliberately acted, or failed to act, while disregarding a known excessive risk of harm to Plaintiff. Plaintiff's claim for due process violations fails because Plaintiff does not have a protected liberty interest in a single-cell status classification. Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Plaintiff does not state any other cognizable claim for relief under § 1983 in the proposed fifth amended complaint. Thus, it would be futile for Plaintiff to file the fifth amended complaint. Fed. R. Civ. P. 15(a).[3]

The Court adopts the remainder of the findings and recommendations entered on November 18, 2013 and December 23, 2013. Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued by the Magistrate Judge on November 18, 2013 and December 23, 2013 are adopted in part;

2. Plaintiff is DENIED leave to file the fifth amended complaint;

3. This action is DISMISSED, with prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under § 1983;

4. All pending motions are DENIED as moot;

///
///
///

---

[2] Plaintiff alleges that beginning on November 9, 2010, prison officials continued to place him at risk of harm by failing to follow the rules and regulations to properly screen out cell mates. (Fifth Amd Cmp, Doc. 43 at 5-7 ¶¶36-47.) Plaintiff also alleges that on March 25, 2012 and August 27, 2012, he had in-cell fights with cell mates, after the cell mates found out that Plaintiff had been sexually assaulted by a black man. (Id. ¶¶40, 42.)

[3] "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.

5.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011); and

6.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 31, 2014**                    **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE